# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-639V
**Filed: January 30, 2014**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*　　　UNPUBLISHED
MICHAEL D. ROBERTS, a minor,　　　\*　　Special Master Dorsey
by and through his natural parent and　\*
guardian, ANN ROBERTS,　　　　　\*
　　　　　　　　　　　　　\*
　　　　　　　　　　　　　\*　　Interim Attorneys' Fees and Costs;
　　　Petitioner,　　　　　　\*　　Reasonable Amount Requested to
　　　　　　　　　　　　　\*　　which Respondent Does not Object
v.　　　　　　　　　　　　\*
　　　　　　　　　　　　　\*
SECRETARY OF HEALTH　　　　\*
AND HUMAN SERVICES,　　　　\*
　　　　　　　　　　　　　\*
　　　Respondent.　　　　　　\*
　　　　　　　　　　　　　\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lawrence Gene Michel, Kennedy, Berkley, et al., Salina, KS, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

## INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On September 23, 2010, Ann Roberts ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that her son, Michael D. Roberts, a minor, received diphtheria-tetanus-acellular-pertussis ("DTaP"), measles-mumps-rubella ("MMR"), haemophilus influenzae B ("Hib"), and varicella vaccinations

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b); see also 42 U.S.C. § 300aa-12(d)(4)(B). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C. § 300aa.

on February 25, 2008, and a Prevnar vaccination on March 17, 2008.  Petition ("Pet.") at 1.
Petitioner alleges that Michael's vaccinations caused him injuries.  Id.

On January 29, 2014, the parties filed a Stipulation of Fact Concerning Interim
Attorneys' Fees and Costs ("Stipulation").  According to the Stipulation, respondent does not
object to an award of interim attorneys' fees and costs in the amount of $69,500.63.[3]  Stipulation
at ¶3.  In accordance with General Order #9, petitioner filed a statement stating that her counsel
has reimbursed her for costs she has incurred in pursuit of her petition.  Id. ¶4.

The undersigned finds that petitioner is entitled to an award of interim attorneys' fees and
costs under the unique facts and circumstances of this case.  See Butler v. Sec'y of Health &
Human Servs., No. 02-1051, 2012 WL 4458203 (Fed. Cl. Spec. Mstr. June 25, 2012) (awarding
interim attorneys' fees and costs over respondent's objection); Shaw v. Sec'y of Health &
Human Servs., 609 F.3d 1372, 1375 (Fed. Cr. 2010) (holding that "[w]here the claimant
establishes that the cost of litigation has imposed an undue hardship and that there exists a good
faith basis for the claim, it is proper for the special master to award interim attorneys' fees");
Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The
undersigned finds that paragraphs 5 and 6 of the stipulation are reasonable and adopts them as
the decision of the Court in awarding interim attorneys' fees and costs, on the terms set forth
therein.

**Accordingly, the undersigned hereby awards the total of $69,500.63 issued in the
form of a check payable jointly to petitioner and petitioner's attorney, Lawrence Gene
Michel, at Kennedy, Berkley, et al., for interim attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of
the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties'
stipulation.[4]

---

[3] "Respondent maintains that the express language of Section 15(e)(1) of the Act confers
authority upon the Special Master (or the Court of Federal Claims) to award attorneys' fees and
costs either (1) 'as part of such compensation' when 'awarding compensation on a petition,' or
(2) after entry of judgment 'if the judgment of the United States Court of Federal Claims on such
a petition does not award compensation.' 42 U.S.C. § 300aa-15(e)(1).  Nevertheless, respondent
is cognizant that the Special Master has previously rejected respondent's position with respect to
Section 15(e)(1), citing Avera v. HHS, 515 F.3d 1343 (Fed.Cir. 2008), and Shaw v. HHS, 609
F.3d 1372 (Fed.Cir. 2010).  See, e.g., Parker v. HHS, No. 02-1553V, 2012 WL 3633228 at *2
(Fed. Cl. Spec. Mstr. May 21, 2012).  Further, the Special Master has indicated in this particular
case that she is amenable to petitioner's application for an award of interim fees and costs.  Given
this prior ruling and specific circumstances in this case, respondent elects not to raise her
statutory objection at this time in response to this particular request for interim attorneys' fees
and costs."  Stipulation at 1 n.1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of
notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master