# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-639V
Filed: April 26, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | UNPUBLISHED |
| M.R., *a minor, by and through his natural* | * | |
| *parents and guardians,* ANN ROBERTS, | * | |
| *and* DUSTIN ROBERTS,[1] | * | |
| | * | |
| Petitioners, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | Decision on Proffer; Damages; |
| | * | Diphtheria-Tetanus-Acellular- |
| SECRETARY OF HEALTH | * | Pertussis (DTaP) Vaccine; |
| AND HUMAN SERVICES, | * | Haemophilus Influenza Type B (Hib) |
| | * | Vaccine; Measles Mumps Rubella |
| Respondent. | * | (MMR) Vaccine; Varicella Vaccine; |
| | * | Prevnar Vaccine; Seizure Disorder |
| * * * * * * * * * * * * | | |

Lawrence G. Michel, Kennedy, Berkeley, et al., Salina, KS, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION AWARDING DAMAGES[2]**

On September 23, 2010, Ann Roberts ("petitioner"), as the parent and natural guardian of M.R., a minor, filed a petition pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that diphtheria-tetanus-acellular-pertussis ("DTaP"), measles-mumps-rubella ("MMR"), haemophilus influenza type B ("Hib"), and varicella vaccinations on February 21, 2008, and a Prevnar vaccination on March 17, 2008,

---
[1] The case caption has been changed pursuant to the May 4, 2016, Order granting petitioner's motion to amend the case caption to include M.R.'s father, Dustin Roberts.

[2] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

caused M.R. to suffer from a seizure disorder. Petition at 1-2. The undersigned issued a Ruling on Entitlement on September 24, 2014, finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine.

On April 22, 2016, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation as follows: $160,000.00 in actual and projected pain and suffering; $45,732.29 in past unreimbursable expenses; and $8,816.20 to satisfy the State of Kansas Medicaid lien. Proffer at ¶ IA-D.

Pursuant to the terms in the Proffer, attached hereto as Appendix A, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $160,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of M.R., for the benefit of M.R.;**

2. **A lump sum payment of $45,732.29 in the form of a check payable to petitioner, representing compensation for past unreimbursed expenses; and**

3. **A lump sum payment of $8,816.20, representing compensation for satisfaction of the State of Kansas Medicaid lien, payable jointly to petitioner and**

**Kansas Medicaid Subrogation**
**6021 S.W. 29th Street**
**Suite A, #373**
**Topeka, KS 66614**
**Attn: Nikki Thyfault**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| M.R., a minor, by and through his natural parent and guardian, ANN ROBERTS, ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) ) | No. 10-639V<br>Chief Special Master Dorsey |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that M.R. should be awarded $160,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     <u>Past Unreimbursable Expenses</u>

Petitioner has provided evidence of past unreimbursable expenses related to M.R.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $45,732.29. Petitioner agrees.

    C.     <u>Lost Wages</u>

The parties agree that based upon the evidence of record, M.R.'s vaccine-related injury has not impaired his earning capacity. Therefore, respondent proffers that petitioner should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

   D.   Medicaid Lien

Respondent proffers that M.R. should be awarded funds to satisfy the State of Kansas lien in the amount of $8,816.20, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Kansas may have against any individual as a result of any Medicaid payments the State of Kansas has made to or on behalf of M.R. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about February 21, 2008, under Title XIX of the Social Security Act.  Petitioner agrees.

## II.   Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

   A.   A lump sum payment of $160,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of M.R., for the benefit of M.R..  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of M.R.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.R., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.R. upon submission of written documentation of such appointment to the Secretary;

   B.   A lump sum payment of $45,732.29 payable to petitioner, representing compensation for past unreimbursed expenses;

---

[1] Should M.R. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

C.  A lump sum payment of $8,816.20, representing compensation for satisfaction of the State of Kansas Medicaid lien, payable jointly to petitioner and

Kansas Medicaid Subrogation
6021 S.W. 29th Street
Suite A, #373
Topeka, KS  66614
Attn: Nikki Thyfault

Petitioner agrees to endorse this payment to the State of Kansas.

**III.    Summary of Recommended Payments Following Judgment**

| | | |
|---|---|---|
| A. | Lump sum paid to petitioner as court-appointed guardian/conservator of M.R.'s estate: | **$ 160,000.00** |
| B. | Medicaid Lien: | **$     8,816.20** |
| C. | Past unreimbursed expenses | **$   45,732.29** |

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

3

|  |  |
|---|---|
|  | s/ Alexis B. Babcock |
|  | ALEXIS B. BABCOCK |
|  | Senior Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C. 20044-0146 |
| Dated: April 22, 2016 | Telephone: (202) 616-7678 |