# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-639V
Filed: May 20, 2016

| | |
|---|---|
| * * * * * * * * * * * * *<br>M.R., *a minor, by and through his natural*<br>*parents and guardians,* ANN ROBERTS<br>*and* DUSTIN ROBERTS,<br><br>　　　　　　　Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>　　　　　　　Respondent.<br>* * * * * * * * * * * * * | UNPUBLISHED<br><br><br><br>Chief Special Master Dorsey<br><br>Attorneys' Fees and Costs |

<u>Lawrence G. Michel</u>, Kennedy, Berkley, et al., Salina, KS, for petitioner.
<u>Alexis B. Babcock</u>, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

　　　　On September 23, 2010, Ann Roberts ("petitioner"), as the parent and natural guardian of M.R., a minor, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that diphtheria-tetanus-acellular-pertussis ("DTaP"), measles-mumps-rubella ("MMR"), haemophilus influenza type B ("Hib"), and varicella vaccinations on February 21, 2008, and a Prevnar vaccination on March 17, 2008, caused M.R. to suffer from a seizure disorder. Petition at 1-2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The undersigned issued a Ruling on Entitlement on September 24, 2014, finding petitioner entitled to compensation based on an injury caused-in-fact by a covered vaccine.  On April 22, 2016, respondent filed a Proffer on an award of compensation, and the undersigned issued a decision awarding damages pursuant to the terms of the Proffer on April 26, 2016.  Pursuant to the Order issued May 4, 2016, the case caption was amended to add Dustin Roberts, M.R.'s father, as a petitioner.

On May 18, 2016, petitioners filed an application for attorneys' fees and costs, stating that petitioners incurred $39,018.75 in attorneys' fees and $13,499.68 in attorneys' costs.  Pet'rs' App. at 1.  In accordance with General Order #9, petitioners' application states that all costs were incurred by counsel and petitioners did not incur any direct costs.  Petitioners' application states that "[b]ased on informal discussions with Respondent's counsel, Petitioners have agreed to reduce their total claim for fees and costs to $47,000.00."  Id. at 2.  The application states that respondent "has indicated that she has no objection" to petitioners' request for fees and costs in the amount of $47,000.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § §300aa-15(e).  On review of petitioners' application and billing log, and taking into account the reduction in the total fees and costs request already applied by counsel, the undersigned finds the number of hours expended, rates requested, and costs incurred, reasonable.  Based on the reasonableness of petitioners' request and the lack of opposition from respondent, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned award the total of $47,000.00 as follows:**

(1) **A lump sum of $47,000.00 in the form of a check payable jointly to petitioners their counsel of record, Lawrence G. Michel, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.